IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION – IN ADMIRALTY
Case No. 4:20-cv-00090-M

ATLANTIC COAST MARINE GROUP, )
INC., )
)
Petitioner, )
) **ORDER**
v. )
)
RICHARD S. HANNYE and PHOENICIAN )
YACHTS LTD., )
)
Respondents. )

This matter comes before the court on: (1) Petitioner Atlantic Coast Marine Group, Inc.'s request for an order compelling arbitration, filed July 20, 2020 [DE-12]; and (2) Respondent Richard S. Hannye's *pro se* motions seeking orders (a) granting him leave to file a belated answer; (b) staying this litigation pending his appeal of the court's interlocutory ruling denying his motion to dismiss and (c) requiring that the parties arbitrate, if at all, pursuant to North Carolina's Revised Uniform Arbitration Act ("NCRUAA"), which Hannye filed on October 27, 2020. [DE-10]

Petitioner's request is duplicative of the relief sought in the petition to compel arbitration. The court therefore DENIES Petitioner's request, which it will grant or deny in its ultimate judgment in the case.

Hannye's motion seeking a stay pending resolution of his interlocutory appeal is DENIED. *See Columbus-America Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301–02 (4th Cir. 2000) ("'Obviously that which is contemplated is a review of the interlocutory order, and of that only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such

1

appeal had been taken, unless otherwise specially ordered.'" (quoting *Ex parte Nat. Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906))).

Hannye's motion asking the court to order arbitration pursuant to the NCRUAA is, in essence, a motion for summary judgment. Hannye has not established that there are no genuine disputes as to the material facts raised in the petition such that he is entitled to judgment as a matter of law at this point in the case. This motion is therefore also DENIED.

The court sets Hannye's motion seeking leave to file a belated answer for a telephonic hearing on December 30, 2020 at 10AM. As explained within the court's previous order denying Hannye's motion to dismiss, Respondent Phoenician Yachts Ltd. ("Phoenician") has yet to properly appear through counsel licensed to practice before this court [*see* DE-16 at 8–9], and Hannye's attempt to conflate the two Respondents into one such that he might represent Phoenician through his *pro se* filings is an impermissible attempt to circumvent well-established law regarding corporate representation. Accordingly, Phoenician must be represented at the December 30 hearing by counsel licensed to practice before the Eastern District of North Carolina or, as its first matter of business, the court will enter Phoenician's default pursuant to Federal Rule of Civil Procedure 55(a), and will thereafter entertain a motion for default judgment.

SO ORDERED this the ____14th____ day of __December__, 2020.

_Richard E Myers II_
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE